**PERRY BROTHERS, INC., Appellant,**

v.

**Keith S. PERRY, Appellee.**

**No. 05–86–01042–CV.**

Court of Appeals of Texas,
Dallas.

July 31, 1987.

James R. Cornelius, Jr., Lufkin, for appellant.

Charles C. Frederiksen, Cynthia M. Jost, Dallas, for appellee.

Before HOWELL, HECHT, and THOMAS, JJ.

HECHT, Justice.

Appellee Keith S. Perry sued to enjoin appellant Perry Brothers, Inc. from refusing to allow him to inspect its books and records. The trial court issued a temporary injunction, and Perry Brothers appealed. Before the appeal could be heard, Perry's action for a permanent injunction, the only other relief Perry sought, was tried before a jury and a verdict returned in Perry Brothers' favor. The trial court rendered final judgment on the verdict that Perry take nothing but did not expressly dissolve the temporary injunction. Although the temporary injunction failed to specify a time of expiration, Perry Broth-

ers argues that the temporary injunction did not extend past the final judgment, and that this appeal is now moot.

■ The purpose of a temporary injunction is to preserve the status quo of the subject of a suit pending final disposition on the merits. *Transport Co. v. Robertson Transports,* 152 Tex. 551, 565, 261 S.W.2d 549, 552 (1953). Thus, a temporary injunction generally expires upon rendition of a final judgment by the trial court. *See Texas City v. Community Public Service Co.,* 534 S.W.2d 412, 414 (Tex.Civ.App.—Beaumont 1976, writ ref'd n.r.e.). The trial court may, however, continue a temporary injunction in effect after final judgment. *See Dallas Cowboys Football Club, Inc. v. Harris,* 348 S.W.2d 37, 40 (Tex.Civ.App.—Dallas 1961, no writ).

■ The condition or contingency which marks the duration of a temporary injunction is ordinarily set by the trial court in the injunction itself. *See Trice v. State,* 712 S.W.2d 842, 852 (Tex.App.—Waco 1986, writ ref'd n.r.e.). If no terminus is set, the temporary injunction is presumed, absent some clear indication by the trial court to the contrary, to expire with the entry of final judgment. Thereafter preservation of the status quo pending appeal may be left to the appellate courts. *See* TEX.R.APP.P. 121.

In this case, the record discloses no intention of the trial court that the temporary injunction survive final judgment. On the contrary, the trial court's denial of a permanent injunction is some indication that the trial court intended the temporary injunction to expire. This is especially true where the relief sought by permanent injunction was no broader than the relief granted by temporary injunction, no other relief was sought in the action, and no

reason for extending the temporary injunction appears.

■ Consequently, we conclude that by rendering final judgment denying a permanent injunction the trial court intended the temporary injunction to cease. This case, insofar as it involves an application for temporary injunction, is therefore moot. *See G & R Investments v. Nance,* 588 S.W.2d 804, 806, (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.).

The consequence of mootness of an appeal is different from that of mootness of a case on appeal. When an appeal becomes moot, it is dismissed, leaving the orders and judgment of the trial court in effect.

> [W]hen a case becomes moot on appeal, all previous orders are set aside by the appellate court and the case is dismissed....
>
> When the appeal is from an order granting a temporary injunction, and that phase of the case becomes moot on appeal, the same rule applies. The proper order is to set aside all orders pertaining to the temporary injunction and dismiss that portion of the case, leaving the main case still pending....

*Texas Foundries, Inc. v. Int'l Moulders & Foundry Workers' Union,* 151 Tex. 239, 240, 248 S.W.2d 460, 461 (1952); *Guajardo v. Alamo Lumber Co.,* 159 Tex. 225, 226, 317 S.W.2d 725, 726 (1958).

Accordingly, the temporary injunction is dissolved, and Perry's application for temporary injunction is dismissed as moot. The final judgment of the trial court is not affected.