CRAWLEY, Judge,
dissenting.
The majority opinion exemplifies the well-known maxim “hard facts make bad law.” The father may not be an ideal parent, but his character is irrelevant to the single issue presented by this appeal— whether the May 12, 1994, temporary restraining order survived the final judgment dismissing the underlying petition issued on December 12, 1995. The circuit court held that it did, and this court affirms its holding. In my opinion, that holding is erroneous as a matter of law. Therefore, I must dissent.
The dismissal of an action generally operates to annul orders, rulings, or judgments previously entered in a case. Etowah Mining Co. v. Wills Valley Mining & Mfg. Co., 121 Ala. 672, 25 So. 720 (1899). See also 24 Am.Jur.2d Dismissal § 72 (1983); 27 C.J.S. Dismissal and Nonsuit § 39 (1959). “A temporary injunction remains in force only until a final [judgment] is rendered.” Independent American Real Estate, Inc. v. Davis, 735 S.W.2d 256, 261 (Tex.Ct.App.1987). A Rule 41(b), Ala. R. Civ. P., dismissal for failure to prosecute is a final judgment. See Atkins v. Shirley, 561 So.2d 1075, 1077 (Ala.1990).
“The condition or contingency which marks the duration of a temporary injunction is ordinarily set by the trial court in the injunction itself. If no terminus is set, the temporary injunction is presumed, absent some clear indication by the trial court to the contrary, to expire with the entry of a final judgment.”
Perry Bros., Inc. v. Perry, 734 S.W.2d 211, 212 (Tex.Ct.App.1987). If a temporary injunction remains pending, a dismissal order dissolves the injunction. See National Surety Co. v. O’Connell, 16 Ala.App. 654, 81 So. 146 (1918).
“Inasmuch as a temporary injunction by its terms, and by operation of law as well, cannot continue in force after the main case is finally disposed of, the effect of an order of the trial court dismissing the main case is to terminate such injunction, the whole basis upon which it rests being removed, and it automatically ceases to exist.”
Annotation, Effect of Nonsuit, Dismissal, or Discontinuance of Action on Previous Orders, 11 A.L.R.2d 1407, § 5 at 1417 (1950).
The temporary restraining order relating to the PACT funds was entered on May 12, 1994. It expired upon entry of the dismissal order on December 12, 1995. The trial court erred, therefore, by holding that the restraining order “remained a viable order in spite of the case being dismissed at the ‘hoss docket.’ ” Because the father did not withdraw the PACT funds until December 6, 1996, almost one year after the expiration of the temporary restraining order, he was, as a matter of law, not in contempt of the restraining order.
Although the grandmother may have some other remedy against the father, she is not entitled to have the father held in contempt for failing to obey a nonexistent order.