NO. 07-99-0450-CV

IN THE COURT OF APPEALS FOR THE 

SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 12, 2001

__________________________________

JAMES C. FLING, 

Appellant

v.

GENE E. STEED AND RON GOWDY, TRUSTEES OF THE 

FRANCES WORLEY TRUST, GENE E. STEED, ATTORNEY IN 

FACT AND TRUSTEE FOR FRANCES WORLEY, AND JILL DARLAND AND 

CARLA WHITE AS BENEFICIARIES OF THE FRANCES WORLEY TRUST

AND NEXT FRIENDS NEXT OF KIN OF FRANCES WORLEY, 

Appellees

__________________________________

FROM THE 31ST JUDICIAL DISTRICT FOR WHEELER COUNTY;

NO. 10,722; HON. CARLTON B DODSON, PRESIDING

__________________________________

Before Boyd, C.J., and Quinn and Johnson, JJ.

Through 43 points of error, James C. Fling (Fling) appeals from a judgment permanently enjoining him from performing certain acts and awarding damages to the Frances Worley Trust for tortious interference with a contract.  The appellees, Gene E. Steed and Ron Gowdy, trustees for the Frances Worley Trust, Gene E. Steed, as attorney in fact for Frances Worley, and Jill Darland and Carla White, as next friends and next of kin of Frances Worley and beneficiary of the Frances Worley Trust, sued Fling and others for injunctive relief and damages.  The controversy underlying the suit involved Fling’s effort to remove Frances Worley, who suffered from Alzheimer’s disease, from a retirement home known as Elmbrook Estates, and return her to her home town.  Fling had previously acted as Mrs. Worley’s legal counsel and had been contacted by her for assistance.  In doing so, he contacted neither Steed, who held the power of attorney of Mrs. Worley, or her two grandchildren, Jill Darland and Carla White.  According to Steed and the other plaintiffs, Mrs. Worley was incapable of caring for herself.  Furthermore, the acts of Fling not only constituted tortious interference with a contract but also warranted injunctive relief.  We reverse and render in part and affirm in part.         

Points of Error 1, 3, 6, and 7

Via points one, three, six, and seven, Fling questions the validity of the temporary restraining order entered below.  We overrule same as moot.

The restraining order was executed on March 11, 1999.  Nothing in the record reveals that the parties or the court extended it by order or otherwise.  Under those circumstances, it had a life of no more than 14 days.  
Tex. R. Civ. P.  
680.  Because, more than 14 days has lapsed since March 11, 1999, the order has expired and any dispute regarding its validity has become moot.  
Arvol D. Hays Constr. Co. v. R & M Agency Corp.
, 471 S.W.2d 628, 629 (Tex. Civ. App.–Fort Worth 1971, writ ref’d. n.r.e.) (holding that issues regarding the validity of the temporary restraining order were rendered moot upon expiration of the order).

Similarly, the eventual trial of the suit also had the effect of rendering moot any dispute regarding the validity of the restraining order.  Like a preliminary injunction, a restraining order serves to maintain the status quo while the trial court addresses the controversy.  Admittedly its life is shorter than a preliminary injunction, but its purpose is no different.  Furthermore, once the merits of a dispute have been finally adjudicated, there no longer exists a need for preservation of the status quo while those merits can be addressed.  So, to the extent that a final adjudication of the suit renders moot any question regarding the prior execution of a preliminary injunction, 
Richards v. Mena
, 820 S.W.2d 372, 372 (Tex. 1991); 
Perry Bros., Inc. v. Perry
, 734 S.W.2d 211, 212 (Tex. App.–Dallas 1987, no writ), it too would render moot questions regarding the validity of a temporary restraining order.  So, since the trial court has adjudicated the merits of each parties’ respective claim and entered a final judgment, any controversy regarding the validity of the temporary restraining order was rendered moot.  

Points of Error 2, 4, 5, 8, 9, and 10

Points two, four, five, eight, nine and ten concern the validity of the trial court’s preliminary injunction.  We consider none for several reasons, however.

First, as mentioned above, the entry of a final judgment renders moot questions regarding the validity of a previously executed temporary injunction.  
Richards v. Mena
, 
supra
; 
Perry Bros., Inc. v. Perry, supra
.  Here, the court tried the cause on the merits and entered final judgment.  Thus, argument regarding the temporary injunction is moot. Second, statute authorized Fling to prosecute an interlocutory appeal from the court’s entry of the preliminary judgment.  
Tex. Civ. Prac. & Rem. Code Ann
.
 §51.014(a)(4) (Vernon Supp. 2001).  Because he did not do so, we now lack jurisdiction to address any complaint regarding its issuance.  
Bayoud v. Bayoud
, 797 S.W.2d 304 (Tex. App.–Dallas 1990, writ denied); 
Cellular Mkt., Inc. v. Houston Cellular Tel. Co.
, 784 S.W.2d 734, 735 (Tex. App.–Houston [14
th
 Dist.] 1990, no writ).

Next, to the extent that Fling questions the validity of the permanent injunction issued by the trial court, he simply posits that the 

act of transporting Frances Worley from Lubbock to her home in Shamrock  . . .  at her request and insistence . . .  while she is under no legal disability  . . . gives rise to no right or claim to either a temporary restraining order or temporary injunction or permanent injunction since . . . Worley had every legal right to request Appellant to take this action and such act was completed ten months prior to the filing of this suit.

This contention however does not warrant reversal of the judgment for two reasons.  First, it is conclusory and wholly bereft of explanation and citation to legal authority.  Being inadequately briefed, Fling waived it.  
Maldonado v. State
, 902 S.W.2d 708, 711 (Tex. App.-- El Paso 1995, no writ).   Second, the trial court did not permanently enjoin him from transporting Mrs. Worley from Lubbock to Shamrock.  It enjoined him from communicating with Mrs. Worley or removing her from the rest home in Childress wherein she currently resides or any home in which she may reside.  And, Fling does not expressly attack this portion of the permanent injunction.       

 Accordingly, to the extent that Fling questions the validity of the preliminary injunction through points two, four, five, eight, nine, and ten, we dismiss same for want of jurisdiction.  In all other respects, we overrule the points.

Point of Error 11

Under point eleven, Fling argues that the trial court erred in refusing to make various conclusions of law.  Yet, save for his conclusory statement that the court’s refusal “was error and . . . a clear abuse of discretion,” how the court allegedly erred goes unexplained.  This type of argument fails to satisfy Texas Rule of Appellate Procedure 38.1(h), which requires the appellant to include in his brief clear and concise argument for the contentions made and appropriate citation to authority.  So, having failed to adequately brief the point, he has waived it.  
Maldonado v. State
, 902 S.W.2d at 711.  Accordingly, we overrule point eleven.

Point of Error 12

Through point twelve, Fling contends that the trial court abused its discretion in denying him opportunity to depose Francis Worley for trial.  Yet, nothing is said about the nature of the information sought from the prospective witness or whether that information would be relevant to any issue involved in the trial.  Nor is it suggested, much less established, that the evidence could not have been obtained through other sources.  
See Wilson v. City of Port Lavaca
, 407 S.W.2d 325, 331 (Tex. Civ. App.–Corpus Christi 1966, writ ref’d n.r.e.) (holding that the trial court did not abuse its discretion in denying leave to depose a witness because the appellant could have obtained the desired information elsewhere).  Given these circumstances, we have no basis upon which to conclude that Fling suffered harm as contemplated under Texas Rule of Appellate Procedure 44.1(a), assuming 
arguendo
 that the trial court’s actions did constitute abused discretion.  Accordingly, we overrule point twelve.

Points of Error 13, 15, 16, 17, and 18

In points 13, 15, 16, 17, and 18, Fling decries various action of the trial court.  That is, he believes the trial court erred in taking judicial notice of the “‘prior proceedings’” (
i.e.
 the preliminary injunction hearing), in denying his motions to continue, in refusing to compel responses to his request for production, and in denying his special exceptions to “appellee’s pleadings.”  We overrule each point, however, since they were inadequately briefed.

Assuming 
arguendo
 that the court did err in each respect, it is not enough to merely show error.  Before the judgment is subject to reversal, we must conclude that the error was harmful.  Simply put, it must be shown that the error “probably caused the rendition of an improper judgment” or “probably prevented the appellant from properly presenting the case to” us.  
Tex. R. App. P
.
 44.1(a).  Additionally, the burden to make this showing lies with the appellant.  
See Beutel v. Dallas County Flood Control Dist. No. 1
, 916 S.W.2d 685, 693 (Tex. App.--Waco 1996 writ denied) (stating that an appellant must “demonstrate that she suffered harm from the trial court’s action” to successfully argue that her motion for continuance was improperly denied).  This is so because an appellant is charged with presenting us with a clear and concise argument supporting his position.  
Tex. R. App. P
.
 38.1(h).  That is, he must not only explain and analyze his contention but also support it through citation to legal authority and the record.  
See Maldonado v. State
, 902 S.W.2d at 711 (holding that argument was inadequately briefed and, therefore, waived, when the appellant simply made a global reference to the record and failed to provide “a reasoned explanation” supporting his contention); 
Tex. R. App. P
.
 38.1(h) (stating that the brief must contain a clear and concise argument for the contentions made along with appropriate citation to authorities and the record).  And, should he not do so, we have no duty to complete the task for him.  
Dennis v. First State Bank
, 989 S.W.2d 22, 28 (Tex. App.--Fort Worth 1998, no pet.) (stating that the appellate court is not required to search the record for evidence supporting appellant’s position). 

Here, Fling omitted explanation and analysis as to how the purportedly erroneous decisions made by the court below harmed him.   Rather, in those instances where he deigned to even mention harm, he merely concluded that the trial court’s decisions “severely prejudiced” him or “resulted in injury.”  How and why the supposed error probably caused the rendition of an improper judgment or prevented him from properly presenting his case went completely unexplained.  Consequently, Fling did not carry his burden on appeal and, therefore, waived the complaints.   
 

Point of Error 14

Next, Fling contends that the trial court erred in denying him a jury trial.  The record indicates that 1) a co-defendant had requested such a trial, 2) the request was made more than 30 days before trial actually commenced, and 3) the trial judge summarily denied the request at a pretrial conference.  Yet, the record does not illustrate that Fling objected to the decision when it was made or prior to the time trial commenced.  Indeed, Fling himself was the first witness at the ensuing trial, and he did not object to the court proceeding without a jury when he began to testify.

According to the Texas Supreme Court, one party may, under certain circumstances, rely upon the jury request of another.  
Mercedes-Benz Credit Corp. v. Rhyne
, 925 S.W.2d 664, 666 (Tex. 1996).  And, in such cases, the trial court may not remove the cause from the jury docket “over the objections of the opposing party.”  
Id.
; 
see Cardenas v. Montfort, Inc.
, 894 S.W.2d 406, 409 (Tex. App.–San Antonio 1994) 
writ denied
, 924 S.W.2d 156 (Tex. 1996) (stating that assent to the removal of a case from the jury docket may be implied in situations where a party appears before the court without objection and proceeds to try its case before the bench).  Because the record before us does not reflect that Fling objected to the court’s decision to deny a jury trial, he waived any complaint he may have had regarding that decision.  Thus, point fourteen is overruled.

Points of Error 19 and 20

Through points 19 and 20, Fling attacks the trial court’s decision denying his motions for partial summary judgment and to dismiss.  We overrule these points for the following reasons.

First, nowhere did Fling describe the content of the motions about which he speaks.  Nor did he cite to where in the 800 plus pages of record they could be found.  He simply presented a written dialogue about whether certain parties were actually parties.  Yet, how this dialogue related to the motions in question went unexplained.  Given this absence of explanation and citation to the record, we must conclude that Fling inadequately briefed the points.

Second, an order 
denying
 a motion for summary judgment is not reviewable after a conventional trial on the merits has been held.  
Ackerman v. Vordenbaum
, 403 S.W.2d 362, 365 (Tex. 1966); 
Motor 9, Inc. v. World Tire Corp.
, 651 S.W.2d 296, 299 (Tex. App.--Amarillo 1983, writ ref’d n.r.e.).  This is true even with respect to no evidence motions for summary judgment.  
Tex. R. Civ. P
.
 166(a)(i) (comment) (stating that the denial of a motion under Rule 166a(i) is no more reviewable by appeal or mandamus than the denial of a Rule 166a(c) motion for summary judgment).   Here, a conventional trial on the merits was held.  Thus, any complaint which Fling had about the trial court’s refusal to grant summary judgment is moot.  
Id.
 

Third, to the extent that Fling questioned the ability of the trial court to award any relief to Mrs. Worley because she was not a party to the suit, we note that Jill Darland and Carla White sued as her “next friend.”  When one sues in that capacity, the real party plaintiff is not the next friend but the person being represented.  
Gracia v. RC Cola-7-Up Bottling Co.
, 667 S.W.2d 517, 519 (Tex. 1984).  So, because Darland and White were proceeding as the next friend of Mrs. Worley, the latter was the real party in interest and, therefore, subject to being granted relief.    

Finally, to the extent that Fling contended that Darland and White could not act as Mrs. Worley’s next friend because no court had adjudicated her incompetent, we note that one need not be incompetent to be represented by a next friend.  One can proceed as a next friend simply if the person being represented is unable to care for his own interests due to some mental or physical incapacity.  
Lindly v. Lindly
, 102 Tex. 135, 113 S.W. 750, 752 (1908);
 Berger v. Berger
, 578 S.W.2d 547, 549 (Tex. Civ. App.--Houston [1st Dist.] 1979, no writ).  Furthermore, the record is replete with evidence that Mrs. Worley suffered from mental incapacity due to Alzheimer’s disease.  So, evidence appears of record which entitled Darland and White to sue as the next friends of Mrs. Worley.

  

    
Points of Error 23 Through 37

Via points 23 through 37, Fling contests the validity of the court’s finding that he tortiously interfered with a contract between Elmbrook Estates and Darland.  The interference allegedly occurred when Fling helped Mrs. Worley leave Elmbrook Estates, a residential facility in which Mrs. Worley was placed by Darland.  And, though Darland executed the contract as the “legal representative” of Mrs. Worley, the trial court found that the “actual economic damages” arising from the interference were suffered by the Frances Worley Trust, an entity which was not a party to the agreement.  Furthermore, it awarded the Trust a sum of money equal to those “actual economic damages.” According to Fling, the court erred because 1) his acts did not constitute tortious interference and 2) a stranger to the contract could not be awarded damages for such interference.  We sustain the points.

As stated long ago, “‘one who willfully and without legal justification or excuse interferes so as to bring about a breach of a contract between others is guilty of’” tortious interference with contract.  
Tippett v. Hart
, 497 S.W.2d 606, 609 (Tex. Civ. App.–Amarillo 1973),
writ ref’d n.r.e
, 501 S.W.2d 874 (Tex. 1973) 
quoting
, 
Lytle v. Galveston, H., & S. A. Ry. Co.
, 99 S.W. 396 (Tex. 1907).  Furthermore, the willful acts complained of must cause damage to the contracting parties.  
Id.
 at 609, 
quoting, 
33 
Tex. Jur
. 2d
, Interference § 2.  Implicit in each rule is the requirement that the individual claiming tortious interference with a contract be a party to the contract with which the defendant purportedly interfered.  
Id.
   At bar, the Frances Worley Trust was not a party to the Elmbrook Estate agreement.  Indeed, the only parties to the document were Elmbrook Estates and Darland, as legal representative of Mrs. Worley.  And, since the Trust was not a party, it could not, as a matter of law, successfully urge a claim of tortious interference with the agreement nor recover damages from Fling for the alleged commission of the tort. 

Furthermore, one does not commit tortious interference by merely inducing a party to a contract to do what he has a right to do.  
ACS Inv., Inc. v. McLaughlin
, 943 S.W.2d 426, 430 (Tex. 1997).  Here, the Elmbrook Estates agreement granted Mrs. Worley the “right to leave the facility temporarily or permanently.”  So, in helping Mrs. Worley leave the home, Fling simply assisted her to do that which she had a right to do.  And, to that extent, and as a matter of law, Fling did not tortiously interfere with the agreement.  

In light of the foregoing, we must conclude that the trial court erred in awarding damages to the Frances Worley Trust against Fling for tortious interference with the contract.  Furthermore, the error is harmful for purposes of Appellate Rule 44.1(a) in that it caused the rendition of an improper judgment.

Points of Error 21 and 22

Under points 21 and 22, Fling again attacks the court’s finding that he tortiously interfered with the Elmbrook Estates contract.  Having previously concluded, as a matter of law, that no tortious interference occurred, we need not consider these points.

Points of Error 38 and 39

In points 38 and 39, Fling asserts that the trial court erred in “granting judgment to appellees in that the judgment affords relief to persons who were not parties” and in “finding that [Mrs.] Worley is not a party.”  Though the argument proffered in support of the points is somewhat unclear, it apparently involves the belief that the true beneficiary of the judgment was Mrs. Worley and that she was not a party to the proceeding.  Yet, as explained above, Darland and White sued as her next friend.  Given that, Mrs. Worley was the real party plaintiff.  
Gracia v. RC Cola-7-Up Bottling Co., supra
.  Being the real party plaintiff, she was capable of being granted relief.  So, we overrule points 38 and 39.

Point of Error 40

Via point 40, Fling questions another aspect of the trial court’s finding that he had tortiously interfered with the Elmbrook Estates contract.  Our disposition of points 23 through 37 renders consideration of this point moot.  

Points of Error 41, 42, and 43

In his final three points, Fling attacks the trial court’s refusal to grant him damages due to his opponents’ prosecution of a frivolous or groundless suit.  We overrule the points.

Through its judgment, the trial court not only awarded damages to the Frances Worley Trust but also permanently enjoined Fling from performing certain actions.  Our decision herein reverses only a part of the judgment, that is, the part awarding the Trust damages for the purported tortious interference with a contract.  To the extent that the injunctive relief awarded through the judgment remains in force, we are precluded from saying that the suit was frivolous or groundless.

Accordingly, we reverse that portion of the judgment awarding the Frances Worley Trust damages against Fling, render judgment that the Trust recover nothing against Fling, 
see 
Tex. R. App. P
.
 43.2(c), and affirm the judgment in all other respects.

Brian Quinn

    Justice

Do not publish.