Affirmed; Motion for Rehearing Overruled; Memorandum Opinion of
September 15, 2005, Withdrawn and Substituted with Corrected Memorandum Opinion
filed November 3, 2005









 

Affirmed; Motion for Rehearing Overruled; Memorandum
Opinion of September 15, 2005, Withdrawn and Substituted with Corrected
Memorandum Opinion filed November 3, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00638-CV

NO.
14-04-00982-CV

____________

 

THE FOUR
SEAHORSES, LLC,
Appellant

 

V.

 

SPANISH GRANT
CIVIC ASSOCIATION, SECTIONS 1 & 2, INC., Appellee

 



 

On Appeal from the County
Court at Law No. 3

Galveston County, Texas

Trial Court Cause No. 51350

 



 

CORRECTED 
MEMORANDUM  OPINION








In this consolidated appeal, the Four
Seahorses, LLC appeals the granting of a temporary injunction and a permanent
injunction in favor of Spanish Grant Civic Association, Sections 1 & 2,
Inc. in a dispute involving the interpretation and enforcement of restrictive
covenants.  In our memorandum opinion of
September 15, 2005, we dismissed the appeal. 
We withdraw our memorandum opinion of September 15, 2005, and substitute
this corrected memorandum opinion.  For
the reasons set forth below, we again dismiss the appeal.  

Three individuals (Bill Friedrich, Dick
Scott, and Joe Pedigo) and one corporation (owned by Charles Robinson) comprise
the Four Seahorses, LLC.  In July or
August 2003, the Four Seahorses purchased a single-family residence in the
Spanish Grant subdivision in Galveston County. 
Although the members of the Four Seahorses used the house on occasion,
the house was also rented on a weekly and weekend bases.  Neighbors became concerned about noise and
increased traffic due to the rentals.  An
attorney and neighbor, Jim Schweitzer, wrote to the Four Seahorses on April 28,
2004, explaining that the deed restrictions limited the renting of houses in
Spanish Grant to Aa single family,@ and then only for
Aresidential
purposes.@ 
The letter further declared: ARecent case law
interprets restrictions such as Spanish Grant=s, >single family= restriction, to
mean not renting to anyone for less than ninety days.  Therefore, demand is made that you
immediately stop leasing [the property] for less than 90 days [sic] increments.@[1]  








On May 5, 2004, the Four Seahorses filed a
declaratory judgment action against Spanish Grant seeking a determination of
whether the deed restrictions prohibited the leasing or renting of property to
a single family for periods of less than 90 days.  On May 28, 2004, Spanish Grant filed an application
for a temporary and permanent injunction seeking to enjoin the Four Seahorses
from leasing its property for less than 90-day rental periods, leasing to
anyone other than a single family, and playing loud music after 10:00 p.m.  Spanish Grant also filed a counterclaim
against the Four Seahorses seeking $200.00 per day for each day the Four
Seahorses had violated the deed restrictions and attorney fees.  The Four Seahorses filed a counterclaim
against Spanish Grant asserting claims for malicious prosecution of an
injunction and statutory violations for bringing a frivolous lawsuit.  

On June 24, 2004, after a hearing, the trial court granted
Spanish Grant=s application for a temporary injunction
providing for the following terms:

The Four Seahorses, LLC,
counter-defendant herein, and all of its officers, agents, servants, employees,
successors and assigns, and attorneys, are ORDERED to immediately cease and
desist from:

a)       Renting 12705 Maria Court, Galveston,
Texas for non-single family residential purposes,

b)       Renting 12705 Maria Court, Galveston,
Texas for single-family residential purposes but for less than ninety days,

c)       Making
any noise or sounds that carry beyond the boundaries of 1270[5] Maria Court,
after 10 00 o=clock p m at a level as to interfere with
the quiet enjoyment of the surrounding residents, . . .

The trial court set the case for trial on the merits on
August 9, 2004.  On June 28, 2004, the
Four Seahorses filed its notice of appeal of the temporary injunction.  On August 12, 2004, the parties entered into
a Rule 11 agreement,[2]
in which they agreed 

(1) to file amended motions for
summary judgment on the construction of the deed restrictions for the trial
court to decide on August 25, 2004, 

(2) to request the trial court to
sever out that issue so that it could be immediately appealed, 

(3) the claims for malicious
prosecution of an injunction and the filing of a frivolous lawsuit would Aremain on hold@ until the appeal of the injunction
is decided, 

(4) to the extent the temporary
injunction has not been disposed of or mooted, the Four Seahorses may pursue
that appeal, and 

(5) to postpone
discovery until the court of appeals has decided the issue of the construction
of the deed restrictions.








The parties moved for partial summary judgment on the
single family issue and the 90-day rental issue, but not the noise/nuisance
issue.  On August 25, 2004, the trial
court heard the competing motions for summary judgment and on September 10,
2004, granted Spanish Grant=s partial motion
for summary judgment, while denying the Four Seahorses= motion.  The trial court entered the following
injunction permanently enjoining the Four Seahorses from

1)       Renting 12705 Maria Court, Galveston,
Texas for non-single family residential purposes, and 

2)       Renting
12705 Maria Court, Galveston, Texas for single-family residential purposes but
for less than ninety (90) days.

On September 10, 2004, the trial court
also severed the Four Seahorses= claims for
malicious prosecution of a injunction and the filing of a frivolous lawsuit
from the declaratory judgment and injunction actions, with those claims
remaining in the trial court while the injunctions were appealed.  On October 10, 2004, the Four Seahorses
appealed the permanent injunction.  

Spanish Grant has filed motions to dismiss
both appeals for mootness because the Four Seahorses sold the house on July 15,
2005, and therefore no longer owns the house. 
A case becomes moot when there ceases to be an actual controversy
between the parties.  National
Collegiate Athletic Ass=n v. Jones, 1 S.W.3d 83, 86
(Tex. 1999).  Deciding the merits of a
moot case is to render an advisory opinion. 
Speer v. Presbyterian Children=s Home & Serv.
Agency, 847 S.W.2d 227, 229 (Tex. 1993). 
Under the separation of powers doctrine, we have no authority to issue
advisory opinions.  Tex. Const. art. II, ' 1; Brooks v.
Northglen Ass=n, 141 S.W.3d 158, 164 (Tex. 2004).  








Although not addressed by the parties, we
conclude the temporary injunction was rendered moot before the house was
sold.  Spanish Grant=s motion to
dismiss the appeal of the temporary injunction based on the July 15, 2005 sale
of the house and the Four Seahorses= response to the
motion (as well as arguments presented in the parties= appellate briefs)
reveal that the parties have been proceeding on the mistaken belief that the
temporary injunction was still in effect at the time of the sale of the
house.  

The order granting the temporary
injunction enjoined the Four Seahorses from the above listed activities Afrom the date of
entry of this Order until the trial on the merits of this case, or until
further Order of this Court.@  The trial court set the case for trial on the
merits on August 9, 2004.  On August 12,
2004, the parties entered into a Rule 11 agreement that they would submit the
90-day rental period issue and single family issue via cross-partial motions
for summary judgment on August 25, 2004. 
Accordingly, the trial court heard the competing motions for summary on
August 25, 2004. 

AThe condition or
contingency which marks the duration of a temporary injunction is ordinarily
set by the trial court in the injunction itself.@  Perry Bros., Inc. v. Perry, 734 S.W.2d
211, 212 (Tex. App.CDallas 1987, no writ).  By its own terms, the temporary injunction
expired August 9, 2004Cthe day the trial court set the case for
trial on the meritsCand there is no trial court order
extending or resetting it for a later date. 
See Webb v. Hartman Newspaper, Inc., 793 S.W.2d 302, 303 (Tex.
App.CHouston [14th
Dist.] 1990, no writ) (stating temporary injunction expired by its own terms on
March 1, 1990, when the case was scheduled for trial, but the trial court twice
reset the case for trial and ordered the terms of the injunction to remain in
full force until trial).  Moreover, even
if the temporary injunction had not expired prior to the trial on the merits,
once the trial court entered a final judgment, the temporary injunction was
rendered moot while pending on appeal.  See
Isuani v. Manske-Sheffield Radiology Group, P.A., 802 S.W.2d 235, 236 (Tex.
1991) (AIf, while on
appeal of the granting or denying of the temporary injunction, the trial court
renders final judgment, the case on appeal becomes moot.@).  








With respect to the permanent injunction,
we agree that when the Four Seahorses sold the property, there ceased to be a
live controversy between the parties. 
The Four Seahorses, however, contends the appeal of its permanent
injunction is not moot because its claims for damages, i.e., malicious
prosecution of an injunction and the filing of a frivolous lawsuit, are still
pending before the trial court.  The Four
Seahorses argues that dismissing its appeal as moot would deprive it of the
opportunity of seeking attorney fees, costs, and damages, including lost
rentals and loss of value on the sale of the house, on those claims.  However, because those claims are derivative
of the injunction claims, any opinion we might issue on the Four Seahorses= claims for
damages and fees still pending in the trial court would merely be
advisory.  See Tieken v. Midwestern
St. Univ., 912 S.W.2d 878, 887 (Tex. App.CFort Worth 1995,
no writ) (AWhere there has ceased to be a controversy
between the litigating parties due to events occurring after judgment has been
rendered by the trial court, the decision of an appellate court would be a mere
academic exercise and the court may not decide the appeal.@).  

The Four Seahorses further argues its
appeal of the permanent injunction is not moot because all the homeowners in
Spanish Grant, not just the buyer of its house, are subject to the 90-day
rental period set forth in the permanent injunction.  However, there is no case or controversy
between the new owner or any other homeowner and Spanish Grant before this
court, also rendering any decision on the merits by this court advisory.  

We grant Spanish Grants= motions to dismiss.  Accordingly, we dismiss the Four Seahorses= appeal of the
temporary injunction and its appeal of the permanent injunction.

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Corrected Memorandum Opinion filed November 3, 2005.

Panel
consists of Justices Hudson and Seymore. 
(Chief Justice Hedges not participating.)











[1]  The deed
restrictions provide with respect to renting:

Each lot
shall be used only for single family residential purposes.  The term Aresidential
purposes@ excludes, without limitation, hospitals, clinics,
duplex houses, apartment houses, garage apartments, hotels and excludes
commercial and professional uses whether from homes, residences or otherwise,
but includes renting a single family dwelling to a single family.  No building shall be erected, placed, altered
or permitted to remain on any lot other than one single family dwelling and its
usual accessories.





[2]  Tex. R. Civ. P. 11.