# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00750-CV

**Jai Dining Services (Odessa), Inc., Appellant**

**v.**

**Glenn Hegar, Comptroller of Public Accounts of The State of Texas, and the Office of the Comptroller of Public Accounts of The State of Texas, Appellees**

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-17-006931, THE HONORABLE KARIN CRUMP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jai Dining Services (Odessa), Inc. challenges the trial court's order granting the Comptroller's plea to the jurisdiction and dismissing Jai's claims for declaratory judgment under the Uniform Declaratory Judgments Act (UDJA) and the Administrative Procedures Act (APA). For the following reasons, we affirm.

## BACKGROUND

In November 2017, following a hearing on written submission before the State Office of Administrative Hearings, the Comptroller assessed Jai for $694,793.88 in sexually oriented business (SOB) fees for 2012 through 2015. *See* Tex. Bus. & Com. Code § 102.052(a) (imposing $5 fee for each customer's entry to SOB); *Hegar v. Texas BLC, Inc.*, No. 01-18-00554-CV, 2020 WL 4758474, at *1 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020,

pet. denied) (mem. op.) (noting businesses that offer live nude entertainment and allow alcohol consumption must remit to Comptroller $5 SOB fee). The next month, Jai sued the Comptroller for declaratory relief under the UDJA and APA and requested temporary injunctive relief preventing collection "until the Court issues its ruling." Jai alleged that it was not an SOB but a "bikini bar" because its dancers were not "nude," *see* Tex. Bus. & Com. Code § 102.051(1) (defining "nude"), and that the Comptroller retroactively applied its 2017 rule amendments to conclude that Jai's dancers, who covered their bodies with only opaque latex, were "nude," *see* 34 Tex. Admin. Code § 3.722 (2017) (Tex. Comptroller of Pub. Accts., Sexually Oriented Business Fee); *see generally Badger Tavern, L.P. v. Hegar*, No. 03-18-00291-CV, 2018 WL 4322383, at *1 (Tex. App.—Austin Sept. 11, 2018, pet. denied) (mem. op.) (noting that when rule 3.722's 2017 amendments were published in Texas Register, they were accompanied by statement that Comptroller will apply rule "to all pending and future cases"). Jai admitted that it had not paid the SOB fees and attached an oath of inability to pay but never set a hearing on its inability to pay. *See* Tex. Tax Code § 112.108 (providing that party that files oath of inability to pay may be excused from prepayment requirement "if the court, after notice and a hearing," finds that prepayment would constitute unreasonable restraint on party's right of access to courts).[1] The Comptroller answered with a plea to the jurisdiction, asserting sovereign immunity and requesting that Jai's claims be dismissed because Chapter 112 of the Texas Tax

---

[1] In 2021, the Legislature repealed Section 112.108 and significantly revised the statutory scheme relating to taxpayers' suits. *See* Act of May 24, 2021, 87th Leg., R.S., ch. 331, § 11, 2021 Tex. Sess. Law Serv. 682, 685 (effective Sept. 1, 2021). However, the Act expressly provides, "The changes in law made by this Act apply only to a suit to dispute an amount of tax, penalty, or interest that becomes due and payable on or after the effective date of this Act. A suit to dispute an amount of tax, penalty, or interest that became due and payable before the effective date of this Act is governed by the law as it existed immediately before the effective date of this Act, and the former law is continued in effect for that purpose." *Id.* § 12.

Code is the exclusive vehicle for challenging the merits of a final tax assessment, Chapter 112 requires prepayment and a protest letter before suit and Jai did neither, the redundant remedies doctrine bars UDJA and APA challenges to a final tax assessment, and Section 2001.038 of the APA waives sovereign immunity only for a challenge to a rule's validity or applicability.

A day before the hearing on the Comptroller's plea, Jai responded and filed an amended petition, reasserting its UDJA and APA claims and adding an ultra vires claim:

1. "Pursuant to [the UDJA], [Jai] requests determination and declaratory judgment that it did not operate as a [SOB] during the relevant period."

2. "[Jai] also seeks declaratory judgment that the Comptroller exceeds its statutory authority when it assesses the SOB Fee against a taxpayer who is not an SOB pursuant to the governing statutes."

3. "Pursuant to [the APA], [Jai] requests determination and declaratory judgment concerning Rule 3.722, including: a. that portions of Rule 3.722 effective after the disputed assessment period cannot be retroactively applied; b. that portions of Rule 3.722 outlining acceptable books and records to be reviewed by the Comptroller are applicable; c. that the Comptroller exceeds its authority when it assesses tax based on inapplicable rules."

Jai also reasserted its request for a temporary injunction preventing collection of the SOB fees "until the Court issues its ruling in the above-requested declaratory judgment." In both its amended petition and response to the plea, Jai relied on this Court's opinion that had issued after Jai's original petition and the Comptroller's plea. *See Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849, 858 (Tex. App.—Austin 2018) (*EBS I*), *rev'd sub nom. EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744 (Tex. 2020) (*EBS II*). Jai argued that in *EBS I*, "the court of appeals explicitly stated that taxpayers can bring declaratory judgment actions against the Comptroller," that "Section 112.108 has been deemed unconstitutional," and that "taxpayers may avail themselves of the

option of seeking declaratory relief without prepaying."[2]  After the hearing, the trial court issued an order granting the Comptroller's plea and dismissing Jai's claims "asserted in its First Amended Petition for Declaratory Judgment and Injunction."  Jai appeals from this order.

During this appeal, the Texas Supreme Court reversed *EBS I*, *see EBS II*, 601 S.W.3d at 760 (holding that "section 112.108 as amended is constitutional as applied to EBS and allows it to seek judicial review of its tax assessment without full prepayment of taxes, so long as it satisfies the jurisdictional requirements of the inability-to-pay exception"), and we requested supplemental briefing.  Jai now requests that this Court "remand this proceeding so that [Jai] has the opportunity to submit an oath of inability to pay" and "obtain a finding" that the prepayment requirement is an unreasonable restraint on its right of access to the courts.  Jai argues that "[t]he interest of justice dictates" that this Court remand because "*EBS II* changed the law of the land"; that the unconstitutionality of the prepayment requirement "was the controlling law of this jurisdiction" until *EBS II*; that the "failure to give [Jai] this opportunity would be a violation of the Open Courts [constitutional] provision," as applied to these circumstances; and that "[a]bsent remanding the case to allow [Jai] an opportunity to avail itself of § 112.108, this Court must decide the question expressly avoided in *EBS II*—the constitutionality of Chapter 112's prepayment prerequisites, as it applies to taxpayers who do not seek access to the courts through the inability-to-pay exception."  The Comptroller responds that "[d]espite having the

---

[2]  Jai reads *EBS I* expansively without addressing its limited holding.  *See Hegar v. EBS Sols., Inc.*, 549 S.W.3d 849, 858 (Tex. App.—Austin 2018) ("[T]axpayers who are not seeking a return of any tax money paid may pursue a *permissible* declaratory-judgment action seeking relief other than a return of money provided that the suit *is not otherwise barred by sovereign immunity*. . . . [C]ourts have further clarified the scope of sovereign immunity and the role that declaratory-judgment actions may serve in challenging governmental actions.  Those explanations are consistent with the *limited* nature of the option of seeking the types of *permissible* declaratory relief discussed above." (emphases added)), *rev'd sub nom. EBS Sols., Inc. v. Hegar*, 601 S.W.3d 744 (Tex. 2020).

4

opportunity to amend and **doing so** in the trial court, Jai did not plead a claim for permanent relief under the Tax Code"; that Jai instead "made a strategic decision to proceed **only** with its ultra vires causes of action and those claims seeking declaratory relief under the UDJA and APA—even after the jurisdictional problems with the claims were raised by [the Comptroller]"; and that "section 112.108 applies only as an exception to the prepayment requirements of the Tax Code—with no impact on . . . sovereign immunity to causes of action outside of Tax Code chapter 112."

## DISCUSSION

Sovereign immunity implicates subject matter jurisdiction, and as subject matter jurisdiction is a question of law, we review a trial court's grant of a plea to the jurisdiction de novo, applying traditional principles of statutory interpretation to determine whether sovereign immunity has been waived. *See EBS II*, 601 S.W.3d at 749. When the relevant facts are undisputed, as here, we consider whether the plaintiff's alleged facts affirmatively demonstrate a trial court's subject matter jurisdiction; if the pleadings affirmatively negate the existence of jurisdiction, then we may affirm without allowing an opportunity to replead. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004).

Although "the trial court generally lacks jurisdiction to hear a taxpayer's challenge to a tax assessment," "the Legislature has waived the State's sovereign immunity as to three types of tax challenges [under chapter 112]—protests, injunctions, and refunds," which generally require some form of prior prepayment unless the taxpayer relies on Section 112.108. *EBS II*, 601 S.W.3d at 749–50 (citing Tex. Tax Code §§ 112.001, .051, .101, .108). Section 112.108 provides:

5

Except for a restraining order or injunction issued as provided by this subchapter, a court may not issue a restraining order, injunction, declaratory judgment, writ of mandamus or prohibition, order requiring the payment of taxes or fees into the registry or custody of the court, or other similar legal or equitable relief against the state or a state agency relating to the applicability, assessment, collection, or constitutionality of a tax or fee covered by this subchapter or the amount of the tax or fee due, provided, however, that after filing an oath of inability to pay the tax, penalties, and interest due, a party may be excused from the requirement of prepayment of tax as a prerequisite to appeal if the court, after notice and hearing, finds that such prepayment would constitute an unreasonable restraint on the party's right of access to the courts. The court may grant such relief as may be reasonably required by the circumstances. A grant of declaratory relief against the state or a state agency shall not entitle the winning party to recover attorney fees.

Tex. Tax Code § 112.108. Here, Jai does not assert a claim for permanent relief under Chapter 112; rather, Jai asserts only a UDJA claim, an ultra vires claim, an APA claim, and a request for a *temporary* injunction under Chapter 112. We consider each claim in turn.

Recently, we have determined that sovereign immunity has not been waived for the type of UDJA claim Jai asserts and that the redundant remedies doctrine bars the type of ultra vires claim Jai asserts. *See Hegar v. Alam, Inc.*, No 03-18-00044-CV, 2021 WL 1031342, at *1, *3 (Tex. App.—Austin Mar. 18, 2021, no pet.) (mem. op.) (holding that sovereign immunity barred plaintiff's UDJA claim that it "did not owe the fee imposed by the Comptroller because its business is not a sexually oriented business"); *Hegar v. CSG Forte Payments, Inc.*, No. 03-19-00325-CV, 2020 WL 7233605, at *7 (Tex. App.—Austin Dec. 9, 2020, no pet.) (mem. op.) (holding that district court lacks jurisdiction over ultra vires claims related to Comptroller's tax assessment because relief for such claims "would be declarations establishing that [plaintiff] is not liable for the tax assessment imposed by the Comptroller," this "is essentially the same relief" available under Chapter 112, and therefore plaintiff "already has a statutory channel by which to obtain the relief it seeks, and any remedies it could obtain through

an ultra vires suit against the Comptroller would be redundant"); *see also Patel v. Texas Dep't of Licensing & Regul.*, 469 S.W.3d 69, 79 (Tex. 2015) ("Under the redundant remedies doctrine, courts will not entertain an action brought under the UDJA when the same claim could be pursued through different channels."). Applying these precedents, we conclude that the trial court did not err in dismissing Jai's UDJA and ultra vires claims.

As to the APA claim, Section 2001.038 provides, "The validity or applicability of a rule . . . may be determined in an action for declaratory judgment if it is alleged that the rule or its threatened application interferes with or impairs, or threatens to interfere with or impair, a legal right or privilege of the plaintiff." Tex. Gov't Code § 2001.038(a). In its response to the Comptroller's plea, Jai stated that it is "asserting a proper 'applicability' challenge: amended portions of [rule] 3.722 effective on January 29, 2017 are not applicable to assessment periods due and payable prior to that date." We have noted that "a rule 'applicability' challenge authorized by Section 2001.038 is limited to determining whether a rule is capable of being applied to or is relevant to a factual situation, as distinguished from a challenge to the rule's *application* (i.e., 'how the rule should be applied' to particular facts or 'the specific outcome after a rule's application.')." *Texas Alcoholic Beverage Comm'n v. D. Hous., Inc.*, No. 03-13-00327-CV, 2017 WL 2333272, at *2 (Tex. App.—Austin May 25, 2017, pet. denied) (mem. op.) (quoting *LMV-AL Ventures, LLC v. Texas Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 124 (Tex. App.—Austin 2017, pet. denied)). However:

> [T]he remedy afforded by section 2001.038 is limited to declarations concerning the *rule*—that the rule is null and void, in the case of a validity challenge, or that the rule did not impose a right, duty, or obligation on the plaintiff, in the case of an applicability challenge—and does not in itself provide relief with respect to the underlying statutes or other law.

7

*State v. BP Am. Prod. Co.*, 290 S.W.3d 345, 362 (Tex. App.—Austin 2009, pet. denied); *see also Texas Logos, L.P. v. Texas Dep't of Transp.*, 241 S.W.3d 105, 123 (Tex. App.—Austin 2007, no pet.) ("The relief provided under section 2001.038 does not extend to invalidating either TxDOT's protest order or its ultimate contract award, but only the rules by which the protest was conducted."). And "the purpose of section 2001.038 is to obtain a final declaration of a rule's validity [or applicability] *before* the rule is applied." *Texas Mut. Ins. v. Texas Dep't of Ins., Div. of Workers' Comp.*, 214 S.W.3d 613, 622 (Tex. App.—Austin 2006, no pet.) (citing *Charlie Thomas Ford, Inc. v. A.C. Collins Ford, Inc.*, 912 S.W.2d 271, 275 (Tex. App.—Austin 1995, writ dism'd)); *see also* Hon. Bob E. Shannon & James B. Ewbank, II, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems*, 33 Baylor L. Rev. 393, 424 (1981) ("The reason the petitioner wishes a judicial declaration of the applicability of a rule is to *avoid* the process of administrative adjudication and the resulting costs of litigation.").

Here, Jai did not file its Section 2001.038 claim until after the Comptroller had applied the rule in assessing Jai's SOB fees for 2012 through 2015. And after the Comptroller's assessment, Jai did not bring one of the "three types of tax challenges [under chapter 112]—protests, injunctions, and refunds." *EBS II*, 601 S.W.3d at 750. At this juncture, Jai's requested declaratory judgment under the APA as to whether the rule in question applies to pre-2017 tax assessments would have no legal effect outside the context of a challenge to and judicial review of the Comptroller's assessment. *Cf. Texas Logos*, 241 S.W.3d at 123–24 ("At this juncture, Texas Logos's section 2001.038 challenge to the validity of those rules would amount to a mere abstract, advisory opinion."); *Friends of Canyon Lake, Inc. v. Guadalupe-Blanco River Auth.*, 96 S.W.3d 519, 529 (Tex. App.—Austin 2002, pet. denied) ("Even if the district court should declare the validity or applicability of the Amendment, that court could not revive FOCL's

8

appeal in a context in which a declaratory judgment—brought under either the APA or under the Uniform Declaratory Judgments Act—would have legal effect."); *Charlie Thomas Ford*, 912 S.W.2d at 275 ("A declaratory judgment, as to the validity or applicability of the rule in question, cannot have legal effect outside the context of [appellee's] contested case and its suit for judicial review of the Commission's final order in the case."). We therefore conclude that there is no justiciable controversy to establish the trial court's jurisdiction over Jai's APA claim and that the trial court did not err in dismissing the claim. *See Texas Logos*, 241 S.W.3d at 123 ("[S]ection 2001.038, like other causes of action, requires the existence of a justiciable controversy to establish the district court's subject-matter jurisdiction.").

As to the temporary injunction, Jai requested a temporary injunction to prevent "the Comptroller from collecting the alleged SOB Fee liabilities against [Jai] until the Court issues its ruling in the [requested UDJA and APA] declaratory judgment." "The purpose of a temporary injunction is to preserve the status quo of the subject matter of a suit pending a final trial of the case on its merits." *Camp v. Shannon*, 348 S.W.2d 517, 519 (Tex. 1961). But given that we have concluded that the trial court did not err in dismissing Jai's UDJA and APA claims and that therefore the trial court has "issue[d] its ruling in the [UDJA and APA] declaratory judgment," Jai's request for temporary injunction is moot. *Cf. In the Estate of Sheshtawy*, 478 S.W.3d 82, 85 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (holding that final judgment rendered moot any issue on appeal relating to request for temporary injunction); *Perry Bros., Inc. v. Perry*, 734 S.W.2d 211, 212 (Tex. App.—Dallas 1987, no writ) ("[A] temporary injunction generally expires upon rendition of a final judgment by the trial court.").

Because Jai had the opportunity to replead after the Comptroller filed its plea to the jurisdiction and did replead before the plea was granted, Jai generally would not be entitled

9

to remand to replead. *See Clint Indep. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 559 (Tex. 2016) (noting that plaintiffs were not entitled to another opportunity to replead when they "had the opportunity to, and did in fact, amend their pleadings in the trial court after the [defendant] filed its plea to the jurisdiction and motion to dismiss"). Nor does Jai request an opportunity to replead: Jai's request is limited to remanding the proceeding so that Jai "has the opportunity to submit an oath of inability to pay" and "obtain a finding" that requiring prepayment is an unreasonable restraint on its right of access to the courts. Since *EBS II*, we have noted that this decision has impacted litigants' opportunities to invoke Section 112.108. *See, e.g.*, *Manana Entm't, Inc. v. Hegar*, No. 03-19-00753-CV, 2021 WL 2587170, at *2 (Tex. App.—Austin June 24, 2021, no pet.) (mem. op.) ("Accordingly, without the benefit of the Texas Supreme Court's decision in *EBS* [*II*], the trial court granted the Comptroller's plea to the jurisdiction without holding a hearing on Manana's oath of inability to pay."). And we have accordingly reversed and remanded those cases for the trial court to reconsider the plea after conducting a hearing on an oath of inability to pay. *See id.* (collecting cases). But in those cases, the litigants had asserted Chapter 112 claims, and thus the trial court had jurisdiction to consider the oath of inability to pay on remand. *See id.* at *2–3 (affirming dismissal of Manana's UDJA claims but holding that "[b]*ecause the trial court has jurisdiction to consider Manana's oath of inability to pay under Section 112.108*, we reverse the trial court's dismissal of Manana's *claims under Chapter 112* and remand for the trial court to reconsider the Comptroller's plea after conducting a hearing on Manana's oath of inability to pay" (emphases added)).

In its supplemental brief, Jai claims that the *EBS II* Court "went on to hold that EBS, having satisfied the prerequisites of § 112.108's inability-to-pay exception, could proceed with its declaratory judgment action," citing *EBS II*, 601 S.W.3d at 760. But the *EBS II* Court

10

expressly noted that EBS "did not seek a declaratory judgment action."  *Id*. at 751; *see also id.* at 748 n.1.  Rather, EBS filed suit "challeng[ing] its tax assessment by seeking an injunction under section 112.101, to prohibit the Comptroller from collecting additional taxes, and through a tax protest suit under section 112.052, seeking recovery of tax monies prepaid."  *Id.* at 748 n.1.  Moreover, EBS "made two partial payments in protest" with protest letters attached before filing suit and "requested a hearing on its oath of inability to pay, as required by section 112.108," before the appeal.  *Id*. at 748.  After determining that Section 112.108 is constitutional as applied to EBS, the *EBS II* Court held that Section 112.108 "allows [EBS] to seek *judicial review of its tax assessment* without full prepayment of taxes, so long as it satisfies the jurisdictional requirements of the inability-to-pay exception."  *Id*. at 760 (emphasis added).

Here, in contrast, Jai did not seek judicial review of its tax assessment, did not plead a Chapter 112 claim for permanent relief in its original or amended petition, and has neither requested nor shown how, if given the opportunity to replead, it could plead a Chapter 112 claim—or any other type of claim—that would provide the trial court with jurisdiction to consider its oath of inability to pay.  Moreover, "[g]enerally, remand is a mechanism for parties, over whose claims the trial court may have jurisdiction, to plead facts tending to establish that jurisdiction, not for parties, over whose claims the trial court does not have jurisdiction, to plead new claims over which the trial court does have jurisdiction."  *Marquez*, 487 S.W.3d at 559 (declining request for remand after noting that "jurisdictional bar arises not from a lack of factual allegations but from the nature of the [plaintiffs'] claims" and that plaintiffs proposed changing claims, not adding more jurisdictional facts, to cure jurisdictional defect).  Finally, in the absence of an underlying Chapter 112 claim to which the prepayment requirement would apply and that would provide the trial court with jurisdiction to determine the prepayment exception, there is no

need to consider a constitutional challenge to Chapter 112's prepayment requirements, as Jai lacks standing to raise such a challenge. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 626–27 (Tex. 1996) (noting that standing to challenge constitutionality of statute requires that plaintiff have suffered some actual or threatened injury under statute that unconstitutionally restricts its own rights). We therefore affirm the trial court's order granting the plea without providing Jai an opportunity to replead. *See Marquez*, 487 S.W.3d at 559.

## CONCLUSION

We conclude that Jai has failed to affirmatively allege facts that invoke the trial court's jurisdiction over its claims and that the pleadings affirmatively negate the existence of jurisdiction over Jai's pleaded claims. *See Miranda*, 133 S.W.3d at 226–27. Nor has Jai suggested a way it could cure these jurisdictional defects through repleading. *See Marquez*, 487 S.W.3d at 559; *Texas A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007). Accordingly, we affirm the trial court's order granting the Comptroller's plea to the jurisdiction.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Kelly, and Smith

Affirmed

Filed: October 27, 2021

12