McMURREY et al. v. McMURREY et al.
No. 14501.

Court of Civil Appeals of Texas.
Fort Worth.
Jan. 29, 1943.

Saye & Saye, of Longview, for appellants.

Julian B. Mastin, and Sawnie R. Aldredge, both of Dallas, for appellees.

McDONALD, Chief Justice.

This is an appeal from an interlocutory order of the trial court, rendered in a divorce suit, appointing a receiver and issuing a temporary injunction. It has properly been made to appear to us that since this appeal was perfected the principal parties to the divorce suit have entered into a written agreement settling their rights with respect to the property in controversy, that the trial court has granted a divorce, and that the judgment of the trial court has disposed of the property in accordance with the written contract of settlement.

The temporary injunction expired by operation of law when the final judgment was entered. No temporary injunction now exists, hence the appeal from the order issuing it has become moot. International Ass'n of Machinists v. Federated Ass'n of Accessory Workers, 133 Tex. 624, 130 S.W.2d 282.

On October 9th, 1942, before the transfer of the appeal to this court, and before the entry of the said final judgment, the Dallas Court of Civil Appeals entered an order staying the receivership pending this appeal.

The written settlement agreement provides that the parties thereby agree upon a full and final settlement of their rights in the property referred to. It further recites that it shall become effective and valid as a full and final settlement of the property rights when the decree of the court is entered. The judgment includes the full text of the settlement agreement, declares it to be fair and equitable, approves and confirms it, and decrees that it be carried out in all details. The only reference to the receivership is as follows: "and it is further ordered, adjudged and decreed that the receiver, Ted A. Hall, herein be ordered to file a final report."

The terms of the judgment, including the order to the receiver to file a final report, especially when considered in the light of the fact that the receivership had been stayed pendente lite by the order of the Dallas Court of Civil Appeals, are such as to negative any thought that the trial court intended that the receivership should continue in force after the entry of the final judgment. By implication, if not expressly, the receivership was terminated, as was the temporary injunction, by the entry of the final judgment, hence the appeal as to that phase of the case has become moot.

From written arguments filed with us, it appears that the parties feel that the disposition made by us of this appeal may affect the questions relating to the fees and expenses, if any, which may be allowed to the receiver and his attorney.

946

The question of such fees was not disposed of in the final judgment. The costs incurred in the trial court up to the date of the judgment were taxed in that judgment. Such taxation of costs is not before us on this appeal. Nor do we have before us on this appeal any question pertaining to any costs which have been or may be taxed by the trial court subsequent to the perfection of this appeal. Carter v. Carter, Tex.Civ.App., 151 S.W.2d 884. We will not undertake to pass upon the validity of the orders appealed from, now that the appeal is moot, merely to determine a question of costs. Robinson v. State, 87 Tex. 562, 29 S.W. 649.

The costs of this appeal are taxed against appellants. For the reasons above suggested, we make no order with reference to any costs incurred in the trial court.

The appeal is dismissed.