TEXAS CITY et al., Appellants,

v.

COMMUNITY PUBLIC SERVICE COMPANY, Appellee.

No. 7781.

Court of Civil Appeals of Texas, Beaumont.

Feb. 26, 1976.

Rehearing Denied March 25, 1976.

As Revised March 25, 1976.

William A. Olson, Houston, for appellants.

John Shirley, Texas City, for appellee.

KEITH, Justice.

This is an appeal from an order granting a temporary injunction restraining the appellants from enforcing their respective ordinances fixing the rates which appellee may charge to consumers of electricity in such cities. The appellants are City of Texas City, City of LaMarque, and City of Angleton, all existing and functioning under charters adopted pursuant to the provisions of Tex.Const. art. XI, § 5, and Title 28, Chapter 13, Tex.Rev.Civ.Stat.Ann. arts. 1165–1182 (1963). Thus, each of the appellants is a home rule city under the constitution and laws of the State of Texas.

Appellee is a privately owned public utility furnishing electric power to the citizens and industries in the several cities pursuant to franchises duly and legally granted by each of the cities. Its rates are fixed by ordinances of the several cities.

Appellee made application to each of the cities for a rate increase but the entire amount sought was denied in each instance and appellee brought this suit seeking relief from what it contended to be rates so unreasonably low that the enforcement of such ordinances would result in confiscation of its property.

After a lengthy hearing, the trial court granted the relief sought by appellee by granting a temporary injunction prohibiting the enforcement of certain rate ordinances by the respective cities. Appellee was required to, and did, file a bond whereby it obligated itself to refund any money collected from the consumers of electricity to which it was not entitled under the final judgment to be rendered in said cause. This order was entered on June 26, 1975, and appellants immediately perfected their appeal to the Court of Civil Appeals for the First Supreme Judicial District of Texas and, by order of the Supreme Court equalizing the dockets of the several courts of civil appeals, was transferred to this court for determination.

Upon oral submission of the cause, the Court, *sua sponte*, raised the question of mootness since interrogation of counsel revealed that the cause had been tried upon the merits and a final judgment had been entered in the trial court. We granted the parties leave to file post-submission briefs confined to the issue of mootness.

Since the question of mootness goes to the jurisdiction of this court, we directed our clerk to procure a certified copy of the final judgment from the clerk of the trial court under the provisions of Tex.R.Civ.P. 406.

The final judgment in the basic cause was entered on January 9, 1976, and discloses that the cause was tried to a jury which returned a verdict adverse to the contentions of the appellee; that the trial court overruled appellee's motion for judgment non obstante veredicto and granted appellants' motion for judgment on the verdict. The final judgment ordered:

(1) "[T]hat Plaintiff [appellee herein] take nothing by its suit and that the permanent injunction prayed for by COMMUNITY PUBLIC SERVICE COMPANY . . . be, and it is hereby, in all things refused and denied"; and,

(2) "[T]hat the Writ of Temporary Injunction heretofore issued in this cause on June 26, 1975, be, and it is hereby, in all things dissolved, set aside, and declared to be of no further force or effect."

We are of the opinion that the appeal from the order granting the temporary injunction is moot and should be vacated and

the cause of action seeking temporary injunctive relief should be dismissed for the reasons now to be stated.

The late Justice Norvell, while upon the San Antonio court, wrote in *City of Corpus Christi v. Cartwright*, 281 S.W.2d 343, 344 (Tex.Civ.App.—San Antonio 1955, no writ):

"A temporary injunction remains in force only until a final decree is rendered by the district court. *Riggins v. Thompson*, 96 Tex. 154, 71 S.W. 14; *Ex parte Zuccaro*, 106 Tex. 197, 163 S.W. 579; *Morgan v. Smart*, Tex.Civ.App., 88 S.W.2d 769. After a final judgment has been rendered by the district court and an appeal perfected to this Court, the case enters a different phase and under certain circumstances a trial judge may enter a stay order pending appeal or, under extraordinary circumstances when it is necessary to preserve our jurisdiction, we may enter an original order under authority of Article 1823, Vernon's Ann.Tex.Stats."

The rule was expressed in *Conway v. Irick*, 429 S.W.2d 648, 650 (Tex.Civ.App.—Fort Worth 1968, writ ref'd), in this language:

"The temporary injunction expired when the final judgment was entered. No temporary injunction now exists; hence the appeal from the order issuing it has become moot."

In dictum, the court in *Magnolia Petroleum Co. v. Blankenship*, 70 S.W.2d 258, 259 (Tex.Civ.App.—Austin 1934, no writ), said:

"If the case had been tried upon its merits pending this appeal, and a permanent injunction denied, such denial would without question have terminated the temporary injunction and rendered that issue in this court moot."[1]

In *Rhoton v. Texas Land & Mortgage Co.*, 80 S.W.2d 763, 770 (Tex.Civ.App.—Eastland 1935, writ ref'd), the rule was said to be:

"If, while an appeal is pending from an order granting a temporary injunction, the case is tried upon its merits and a permanent injunction denied, such denial terminates the temporary injunction and renders that issue in the appellate court moot."

See also: *Ralston v. Ralston*, 476 S.W.2d 775, 778 (Tex.Civ.App.—Beaumont 1972, no writ); *Bryant v. Barnes*, 438 S.W.2d 435 (Tex.Civ.App.—Waco 1968, no writ). Cf. *McMurrey v. McMurrey*, 168 S.W.2d 944, 945 (Tex.Civ.App.—Fort Worth 1943, no writ).

Appellee argued upon submission of the cause that since the temporary injunction provided that it would remain in effect "pending a final hearing and determination of this cause," it is still a viable order because the judgment on the merits is not final. In support of this argument counsel stated that it would duly perfect an appeal from such final judgment and would seek the entry of an order setting the amount and conditions of a supersedeas bond to suspend the operative effect of the final judgment pending its appeal therefrom. We accept the factual statements of counsel as correctly reflecting appellee's course of future conduct; but, this in no manner alters the result which we reach. The trial court may afford appellee whatever relief it may show itself entitled to under the record so made in such court. *City of Corpus Christi v. Cartwright*, supra. See also, 43 C.J.S. Injunctions § 244, p. 984 (1945).

The only purpose of a temporary injunction is the "preservation of the status quo of the subject matter of the suit pending a final trial of the case on the merits."

---

1. The same court, explaining one of its other prior decisions, in *Texas Liquor Control Board v. Jones*, 378 S.W.2d 898, 902 (Tex. Civ.App.—Austin 1964, orig. proceedings), said: "The opinion [in the prior case which it was discussing] does not reflect that a final judgment on the merits had been rendered by the Trial Court before our decision was announced. If such fact had been made known to this Court we undoubtedly would have done what Courts usually take relish in doing and would have dismissed the appeal from the order refusing the temporary injunction as moot."

*Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549, 552 (1953). There has been a trial on the merits and the order granting the temporary injunction now before us has been set aside and the permanent injunction denied.

Tex Civ App 76-281—2

An appeal from the final judgment will be to one of the courts of civil appeals sitting in Houston (either the 1st or 14th Districts) and will not, except in unusual circumstances, reach this particular court of civil appeals. We are asked to pass upon intricate and complicated points of evidence, substantive law, as well as constitutional questions of due process in an appeal from the granting of a temporary injunction. The time and place for consideration and determination of the respective rights of the parties is in the appellate court having the entire record made at the hearing upon the merits. See *Texas Foundries v. International Moulders & F. Wkrs.,* 151 Tex. 239, 248 S.W.2d 460, 464 (1952), wherein Chief Justice Hickman, speaking for the Court, held:

> "This being an interlocutory proceeding, our holding will be ignored if and when this case is tried on its merits. Counsel have ably briefed important questions of labor law, but we cannot decide them finally in this proceeding. If questions of that character are to be decided by the appellate courts, the parties should first try their cases on the merits and appeal from the order of the trial court granting or refusing a permanent injunction."

We are not unaware of the decision of *Dallas Cowboys Football Club, Inc. v. Harris,* 348 S.W.2d 37, 40 (Tex.Civ.App.—Dallas 1961, no writ). Being of the opinion that the authorities herein considered are dispositive of the question, to the extent that *Harris* may be contrary to the holding herein, we decline to follow it.

Accordingly, having determined that the cause is moot, the order of the trial court granting the temporary injunction is vacated and set aside, and the cause, insofar as it relates to the matter of a temporary injunction, is dismissed. Cf. *Zuniga v. U. S. Investors, Inc.,* 453 S.W.2d 811 (Tex.1970). This action is taken without prejudice to the rights of the parties in their appeal from the final judgment and we express no opinion upon the merit, or lack thereof, of the contentions advanced upon this appeal.

Pursuant to Tex.R.Civ.P. 448, all costs are adjudged against appellee.

The order granting the temporary injunction is vacated and the proceeding, insofar as it seeks a temporary injunction, is dismissed, without prejudice to the rights of the parties as set forth in the final judgment.