# NO. 12-12-00312-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *GERALD K. JOHNSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *FREDERICK M. EVANS AND*<br>*CHRISTINE G. EVANS,*<br>*APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Gerald K. Johnson, appearing pro se, appeals the trial court's judgment denying his request for partition of a 45.59 acre tract and a permanent injunction against Frederick M. Evans and Christine G. Evans. In ten issues, Johnson contends the trial court erred in its judgment. We affirm.

## BACKGROUND

Several years before Johnson filed the underlying suit, the Evanses filed an action seeking to partition two tracts of land in Anderson County. One of the tracts was the 45.59 acres that is the subject of this appeal. In a 2005 decree ordering partition and appointing commissioners, the trial court determined that the Evanses owned an undivided seven-eighths interest and Eldredge Jasper and his unknown heirs owned an undivided one-eighth interest in the 45.59 acre tract (the tract). However, the Evanses nonsuited their request for partition of the tract, and therefore the tract was not partitioned. Johnson appealed, and the Houston Fourteenth Court of Appeals, in its opinion affirming the trial court's judgment, stated as follows:

> Furthermore, the first judgment did not establish [Gerald] Johnson's right to Tract 1 [the 45.59 acres that is the subject of the present suit]. The first judgment determined only the Evanses and the Jasper heirs had ownership rights to Tract 1. While Johnson claimed an interest in Tract 1, as

an heir of Eldredge Jasper, Johnson did not file a counterclaim or otherwise seek affirmative relief to prove his heirship.[1]

In the present suit, which was in the same trial court, Johnson alleged that he owned an interest in the tract. He sought a temporary injunction, and ultimately a permanent injunction, prohibiting the Evanses from preventing his and his agents' entry onto the tract. He also requested that the tract be partitioned.

On January 23, 2012, the trial court held a temporary injunction hearing. Johnson introduced affidavits from his mother, Vernita Jasper Johnson, and aunt, Bernice Jasper, and a flow chart prepared by the three of them purporting to show the descendants of William E. Jasper. The affidavits stated that Eldredge Jasper was a son of William E. and Harriett Jasper, that he died a single man, and that his only child had predeceased him. It was thus undisputed between Johnson and the Evanses that Eldredge Jasper's interest in the tract passed to his brothers and sisters at his death. Johnson introduced into evidence deeds from his mother, Arnette Cain, H.D. Cain, and Leon Ealy conveying "all [their] interest, right, [and] title" in all or a portion of the tract.[2] He testified that each of these four grantors was an heir of a brother or sister of Eldredge Jasper. He further testified that as a result of these four deeds, he owned about one acre in the tract.

Stephen Evans, an attorney who had examined the title to the tract, testified on the Evanses' behalf. He agreed with Johnson that Eldredge Jasper's interest passed to his seven brothers and sisters. However, the Evanses introduced into evidence documents that, according to Stephen Evans's testimony, established a chain of title to the tract from Willis Jasper to the Evanses. Stephen Evans testified further that the Evanses owned the undivided one-eighth interest of Eldredge Jasper and his unknown heirs through the doctrine of after acquired title. Therefore, he stated, Johnson owns no interest in the tract. The trial court denied the temporary injunction.

---

[1] *Johnson v. Evans*, No. 14-08-00160-CV, 2010 WL 431292, at *4 (Tex. App.–Houston [14th Dist.] Feb. 9, 2010, pet. denied) (mem. op., not designated for publication).

[2] The deeds described the land in which the grantors had an interest as 11.40 acres. This acreage was the portion of the 45.59 acre tract that had been designated by the commissioners in the previous suit to be set aside to Eldredge Johnson and his unknown heirs. Because of the Evanses' nonsuit, no partition of the tract occurred. Johnson's mother, Vernita Jasper Johnson, executed a correction deed to reflect that the tract in which she owned an interest was the 45.59 acre tract. The record does not include a correction deed from the other three grantors.

On May 30, 2012, the trial court conducted a hearing on Johnson's request for partition. Following the hearing, the trial court signed a final judgment identifying the previously unknown heirs of Eldredge Jasper, determining that the Evanses are their successors in interest, and denying "[a]ll other relief not expressly granted." Later, the trial court filed the following findings of fact and conclusions of law:

## I.    FINDINGS OF FACT:

1. Plaintiff filed cause of action alleging title interest, through conveyances and inheritance, to subject real property, and requesting injunctive relief from the court that would grant an affirmative remedy providing him access to or on said property. (22.904 acres of land, Jesse Gibson Survey, Abstract No. 26, Anderson County, Texas).

2. Defendants filed response denying the title interest and Plaintiff's basis for the injunctive relief.

3. Plaintiff set hearing for temporary injunctive relief and appeared represented by counsel. Defendants appeared by and through counsel. The matter was heard by the court. Temporary injunction was denied. Plaintiff filed a motion for new trial which was not heard by the court.

4. The matter was set for final trial before the court. Plaintiff appeared pro se, Defendants appeared by and through their counsel of record. The court heard all testimony and received exhibits and evidence as tendered by the parties.

5. The real property was the subject of prior litigation between the parties herein, as to the title interests held, under Cause No. 3-39909. The prior court entered judgment finding that the Defendants herein held an undivided 7/8ths title interest in the subject property, and the remainder being held by Eldredge Jasper, his heirs or assigns.

6. The evidence submitted during the trial to the court supports the finding that the Defendants are the resulting holders of the undivided 1/8th interest, as such interest flowed to the Defendants through the chain of title in the property. The heirs of Eldredge Jasper were his collaterals (brothers and sisters), as captioned in the judgment signed by this court, and all such heirs conveyed their interest in the property, which followed a chain of title to the Defendants. The evidence, including the affidavits provided by Plaintiff, that were [sic] presented to this court was not submitted or considered by the prior court in its ruling. Eldredge Jasper died intestate, without surviving spouse or children. The Grantor(s) of conveyances to Plaintiff were not heirs at law of Eldredge Jasper.

7. Plaintiff did not show any compelling interest to enter upon the real property; which is the homestead of the Defendants, nor did he show any irreparable harm as would merit injunctive relief.

3

## II.  CONCLUSIONS OF LAW

1. Plaintiff does not have a title interest in the subject property.  (22.094 acres of land, Jesse Gibson Survey, Abstract No. 26, Anderson County, Texas).

2. Plaintiff is not entitled to extraordinary relief as requested, pursuant to the Texas Civil Practice and Remedies Code.  He has failed to show a justiciable interest in the real property, or any irreparable harm that would merit injunctive relief.

3. Defendants hold the undivided 1/8th title interest formerly attributable to Eldredge Jasper.  The evidence produced by the parties demonstrates a regular chain of title, following conveyances from all of his collateral heirs at law, through successive conveyances to the Defendants.

4. Plaintiff did not submit sufficient evidence to support or merit any ground of relief requested in his pleadings.

Johnson's motion for new trial was denied by operation of law.  He then timely filed this appeal, raising ten issues.

## REQUEST FOR ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his sixth issue, Johnson complains that the trial court erred when it did not file additional findings of fact and conclusions of law as he had requested.  After a trial court files original findings of fact and conclusions of law, a party may request "specified additional or amended findings or conclusions that are appropriate."  TEX. R. CIV. P. 298.  But in doing so, "[a] bare request is not sufficient; proposed findings and conclusions must be submitted." *Alvarez v. Espinoza*, 844 S.W.2d 238, 242 (Tex. App.–San Antonio 1992, writ dism'd w.o.j.) (op. on reh'g).

The trial court should make additional findings of fact only if they have some legal significance to an ultimate issue in the case.  *Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 255 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  The court is not required to make additional findings of fact that are unsupported in the record or that are contrary to other previous findings.  *In re Marriage of Grossnickle*, 115 S.W.3d 238, 254 (Tex. App.—Texarkana 2003, no pet.).  Nor is the trial court required to make findings on every controverted fact. *Vickery*, 5 S.W.3d at 255.  And if a trial court errs by failing to make additional findings or conclusions, the error is not reversible if the trial court's failure does not prevent the requesting party from adequately presenting an argument on appeal.  *H.K. Global Trading, Ltd. v. Combs*, 429 S.W.3d 132, 141 (Tex. App.–Austin 2014, pet. denied).

4

Johnson requested the trial court to file additional findings and conclusions pertaining to ten different issues. However, he did not submit proposed findings and conclusions as required by Rule 298. Therefore, the trial court did not err in failing to file additional findings and conclusions. But even if the trial court's failure was error, Johnson has been able to identify the factual and legal bases for the trial court's action and challenge them on appeal. Consequently, any error in failing to comply with Johnson's request would not be reversible error. *See id*. We overrule Johnson's sixth issue.

## ERROR IN FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his first issue, Johnson contends that the trial court erred by stating in its finding of fact number one and its conclusion of law number one that the tract involved in this suit comprises 22.904 acres. He contends that there is legally and factually insufficient evidence to show that he sought title and injunctive relief pertaining to part of what is known as the Martha Barnett tract.

Johnson's pleadings and the evidence he introduced at trial showed that the tract in question contained 45.59 acres. The Evanses erroneously introduced documents pertaining to the Martha Barnett tract along with documents pertaining to the 45.59 acre tract. Before the conclusion of the partition hearing, the Evanses informed the trial court of their mistake and clarified that the Martha Barnett tract was not involved in the suit. Consequently, the evidence does not support the trial court's description of the tract.

An appellate court is not permitted to reverse a judgment in a civil case unless it concludes that the error complained of probably caused the rendition of an improper judgment or probably prevented the appellant from properly presenting the case to the court of appeals. TEX. R. APP. P. 44.1(a); *see Thota v. Young*, 366 S.W.3d 678, 691 (Tex. 2012) (appellate court reverses only if alleged error was harmful). Here, the judgment includes a determination of the previously unknown heirs of Eldredge Jasper and declares that the Evanses are their successors in interest. It does not refer to any specific tract of land or number of acres. Therefore, the error did not cause the rendition of an improper judgment. Moreover, Johnson does not argue, nor can we conclude, that the trial court's error probably prevented Johnson from properly presenting his case to this court. Therefore, the incorrect statement of acreage in finding of fact number one and conclusion of law number one is harmless error. *See H.H. Holloway Trust v. Outpost Estates Civic Club Inc.*, 135 S.W.3d 751, 754 (Tex. App.–Houston [1st Dist.] 2004, pet. denied)

(harmless error where finding of fact erroneously stated acres conveyed as fifty-three instead of forty-three). We overrule Johnson's first issue.

## SUFFICIENCY OF THE EVIDENCE

In this appeal, Johnson challenges the trial court's denial of his request for partition of the tract and a permanent injunction against the Evanses.[3] To show himself entitled to the requested relief, Johnson was required to prove that he owns an interest in the tract. *See **Manchaca v. Martinez***, 148 S.W.2d 391, 391 (Tex. 1941) (party seeking partition has burden to prove that he is joint owner of real property to be partitioned and has equal right to possession with other joint owners); ***Murphy v. Tribune Oil Corp.***, 656 S.W.2d 587, 589 (Tex. App.–Fort Worth 1983, writ dism'd) (applicant seeking to enjoin another from denying him access to real property must prove right in property by evidence of title or some other interest to be protected).

In his second, third, and seventh issues, Johnson argues that the evidence is legally and factually insufficient to support the trial court's finding that he owns no interest in the tract.[4] He maintains that he proved he owns an undivided interest in the tract and that the Evanses did not meet their burden to show they acquired their title from a common source. These complaints relate to part of finding of fact number six and conclusions of law one, three, and four.

**Standard of Review**

In an appeal of a judgment rendered after a nonjury trial, a trial court's findings of fact have the same weight as a jury's verdict, and the standard of review of the trial court's findings of fact is the same as that applied in reviewing a jury's findings. ***Speer v. Presbyterian Children's Home and Serv. Agency***, 847 S.W.2d 227, 233 n.4 (Tex. 1993); ***Catalina v. Blasdel***, 881 S.W.2d 295, 297 (Tex. 1994). Where, as here, the appellate record contains a reporter's

---

[3] The trial court also denied Johnson's request for a temporary injunction. The purpose of a temporary injunction is to preserve the status quo of the litigation subject matter pending a trial on the merits. ***Butnaru v. Ford Motor Co.***, 84 S.W.3d 198, 204 (Tex. 2002). Thus, a temporary injunction generally expires after the trial court renders a final judgment. ***Perry Bros., Inc. v. Perry***, 734 S.W.2d 211, 212 (Tex. App.–Dallas 1987, no writ); ***Tex. City v. Cmnty. Pub. Serv. Co.***, 534 S.W.2d 412, 414 (Tex. Civ. App.–Beaumont 1976, writ ref'd n.r.e.). When that occurs, an appeal from the grant or denial of a temporary injunction becomes moot. ***Richards v. Mena***, 820 S.W.2d 372, 372 (Tex. 1991) (order granting temporary injunction); ***Johnson v. City of Corpus Christi***, 419 S.W.2d 201, 202 (Tex. 1967) (per curiam) (order denying temporary injunction); *but see **Nat'l Collegiate Athletic Ass'n v. Jones***, 1 S.W.3d 83, 87 (Tex. 1999) (holding appeal of temporary injunction not moot where propriety of temporary injunction relevant to disposition of another issue).

[4] In a partition suit, the court "shall determine . . . all questions of law or equity affecting the title to such land which may arise." TEX. R. CIV. P. 760.

6

record, findings of fact are not conclusive on appeal if the contrary is established as a matter of law or if there is no evidence to support the findings. *Ramsey v. Davis*, 261 S.W.3d 811, 815 (Tex. App.–Dallas 2008, pet. denied). We review a trial court's conclusions of law de novo. *See* ***Benedictine Sisters of the Good Shepherd v. Ellison***, 956 S.W.2d 629, 631 (Tex. App.–San Antonio 1997, pet. denied). When performing a de novo review, we exercise our own judgment and redetermine each legal issue. *Sembera v. Petrofac Tyler, Inc.*, 253 S.W.3d 815, 822 (Tex. App.–Tyler 2008, pet. denied). To make this determination, we consider whether the conclusions are correct based on the facts from which they are drawn. *Potcinske v. McDonald Prop. Invs., Ltd.*, 245 S.W.3d 526, 529 (Tex. App.–Houston [1st Dist.] 2007, no pet.).

If a party with the burden of proof challenges the legal sufficiency of the evidence to support an adverse finding, he must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *See Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In reviewing a "matter of law" challenge, we first examine the record for evidence supporting the adverse finding. *Id.* If there is no evidence supporting the adverse finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* We sustain the legal sufficiency challenge only if the contrary proposition is conclusively established. *Id.* A matter is conclusively established only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 817 (Tex. 2005).

If a party with the burden of proof challenges the factual sufficiency of the evidence to support an adverse finding, he must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Dow*, 46 S.W.3d at 242. In addressing factual sufficiency, we review all of the evidence in a neutral light and will reverse only if the evidence supporting the finding is so contrary to the overwhelming weight of the evidence as to make the judgment clearly wrong and manifestly unjust. *Id.* In a bench trial, the trial court, as the fact finder, is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Alonso v. Alvarez*, 409 S.W.3d 754, 757 (Tex. App.–San Antonio 2013, pet. denied). In resolving factual disputes, the trial court can accept or reject any part or all of a witness's testimony. *Id.* The trial court may believe one witness and disbelieve others and resolves any inconsistencies in a witness's testimony. *Id.* We will not interfere with the fact finder's resolution of conflicts or determine the weight or credibility of the witness's testimony because a

fact finder's determination of conflicting evidence is generally regarded as conclusive. *Cunningham v. Hughes & Luce, L.L.P.*, 312 S.W.3d 3d 62, 67 (Tex. App.–El Paso 2010, no pet.).

**The Evidence**[5]

The undisputed evidence shows that the tract was formerly owned by William E. Jasper and his wife, Harriet (the Jaspers), and was inherited by their heirs at law. Johnson and the Evanses disagree on the identity of the Jaspers' heirs at law and specifically about how many children were born to the Jaspers.

Johnson, who is a descendant of the Jaspers, contended at the partition hearing that he acquired part of the interest formerly owned by one of their grandsons, William Elfford Jasper.[6] Relying on the flow chart that he had introduced into evidence at the temporary injunction hearing, Johnson testified that (1) the Jaspers had nine children, including Elfford Jasper; (2) Elfford was the father of William Elfford Jasper; and (3) William Elfford Jasper was also known as Eldredge Jasper. Thus, Johnson contended that there were two men named Eldredge Jasper– one a son and the other a grandson of the Jaspers. He contended further that the Eldredge Jasper mentioned in the 2005 partition judgment was the Jaspers' son. According to the flow chart and Johnson's testimony, the grandson Eldredge Jasper inherited an undivided interest in the tract. Upon his death, his interest passed to his aunts and uncles (his father's brothers and sisters) and ultimately to their children. Johnson introduced deeds from four of these children conveying him "all [their] interest, right, [and] title" in the tract.

The Evanses disputed Johnson's claim of title. They contended that the Jaspers had eight children, including a son named Eldredge Jasper. They asserted that this Eldredge Jasper is the person to whom the 2005 judgment refers. They also contended that, through the doctrine of after acquired title, they own the undivided one-eighth interest in the tract attributed to Eldredge Jasper and his unknown heirs in that judgment. The Evanses introduced into evidence an affidavit of heirship executed by A.W. Whitehead on August 7, 1956, and recorded on November 6, 1956. In his affidavit, Whitehead stated that the Jaspers had eight children, including a son named Eldredge Jasper. He recounted that his family and the family of William

---

[5] Although both sides initially asserted various pleas in bar, including res judicata and collateral estoppel, neither side objected to the other's evidence.

[6] Johnson's testimony at the partition hearing conflicted in some respects with his testimony at the temporary injunction hearing.

Jasper went to school and church together and had been neighbors for the preceding seventy-five years. And he stated further that he was personally acquainted with the Jaspers' eight children. Additionally, the Evanses introduced an 1897 partition deed through which, they contended, Willis Jasper, their predecessor in title, acquired the tract. Eldredge Jasper did not sign the deed.

**The Trial Court's Finding and Conclusions**

To determine whether Johnson owned an interest in the tract, the trial court was required to assess the credibility of the witnesses and the weight to give their testimony and to resolve conflicts in the evidence. *See City of Keller*, 168 S.W.3d at 819-20, 822. This included the conflict concerning how many children the Jaspers had.

The 1956 affidavit states that the Jaspers had eight children and had been of record for more than fifty years. The affiant stated facts that showed he had personal knowledge of the information in the affidavit and that he was well acquainted with the individuals named in the affidavit and their relationship to each other. Johnson's flow chart provided the sole support for his testimony that there were two Eldredge Jaspers. The chart was prepared by Johnson, his mother, and his aunt, and was unaccompanied by any documentation from which the trial court could verify its accuracy.

The trial court heard the testimony of the witnesses and reviewed the evidence introduced by each side. The trial court then resolved the conflicting evidence concerning the number of Jasper children in the Evanses' favor. Thus, the trial court found that the grantors in the deeds to Johnson were not heirs of Eldredge Jasper and concluded that Johnson had no ownership interest in the tract and was not entitled to any of the relief he sought.

We will not interfere with the trial court's resolution of this conflict in the evidence. *See Cunningham*, 312 S.W.3d at 67. Therefore, we conclude that the 1956 affidavit supports the trial court's finding and that the court's conclusions from that finding are correct. Consequently, Johnson cannot show that, as a matter of law, he established that he has an ownership interest in the tract. We further conclude that the finding is not against the great weight and preponderance of the evidence. Accordingly, we overrule Johnson's second, third, and seventh issues.

**AFTER ACQUIRED TITLE**

In his fourth and fifth issues, Johnson challenges the legal and factual sufficiency of the evidence supporting the Evanses' theory of ownership through the doctrine of after acquired title.

9

In his eighth issue, he argues that the court erred in not applying the doctrines of "stare decisis and sua sponte and res judicata and collateral estoppel to after-acquired title."

We have held that the evidence is sufficient, both legally and factually, to support the trial court's finding that the grantors in the deeds to Johnson were not heirs of Eldredge Jasper. Consequently, even if he prevailed on his after acquired title issues, he would not have established that he owned an interest in the tract. Therefore, he still would not be entitled to the relief he sought. Accordingly, we do not address Johnson's fourth, fifth, and eighth issues. *See* TEX. R. APP. P. 47.1.

## PERJURED TESTIMONY

In his tenth issue, Johnson asserts that Christine Evans gave perjured testimony during the temporary injunction hearing and Frederick Evans gave perjured testimony in his deposition. He argues that because of this perjured testimony, he is entitled to a new trial.

In Texas, the crime of perjury is committed if, "with intent to deceive and with knowledge of the statement's meaning," a person makes a false statement under oath or unsworn declaration. TEX. PENAL CODE ANN. § 37.02(a) (West 2011).

Christine Evans testified that she "absolutely" believed she and her husband owned 100% of the tract. She relied on the fact that they received a title policy guaranteeing that they owned 100% of the tract. On cross examination, she testified further that the 2005 judgment does not affect her opinion on whether they own 100% of the tract because "[w]e own the property. We have a guaranteed title on the property." When asked if she believed that regardless of what the courts have said, she responded, "We own the property, sir."

Frederick Evans testified in his deposition that he thought he was awarded the tract in its entirety in the prior partition suit. He also testified that he was not familiar with the opinion issued by the Houston Fourteenth Court of Appeals. He stated that at the time he purchased the tract, "there was no Eldr[e]dge Jasper," and he did not believe he owned only an undivided seven-eighths interest in the tract, even if the court of appeals' opinion said that. When asked the basis of his opinion, he replied, "By the deed I received on it." He testified that he had an attorney who handled his purchase of the tract and he received a deed from an individual who purported to own the entire tract. Thus, he insisted that he owns the entire tract.

10

In sum, the Evanses testified that they purchased the tract from someone who purported to own it. They also received a deed purporting to convey the entire tract and a title policy insuring that they owned 100% of the tract. The Evanses stated their opinion concerning the ownership of the tract and explained the basis for it. And they both were clear that they did not agree with any court that found to the contrary. We cannot say that the elements of perjury are satisfied here. We overrule Johnson's tenth issue.

<u>**MOTION FOR NEW TRIAL**</u>

In his ninth issue, Johnson argues that the trial court abused its discretion in not granting his motion for new trial. He made the same arguments in his motion for new trial that he has made in this appeal.

We review the denial of a motion for new trial under an abuse of discretion standard. ***In re R.R.***, 209 S.W.3d 112, 114 (Tex. 2006) (per curiam). Under this standard, we may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. ***El Dorado Motors, Inc. v. Koch***, 168 S.W.3d 360, 368 (Tex. App.–Dallas 2005, no pet.) (citing ***Beaumont Bank, N.A. v. Buller***, 806 S.W.2d 223, 226 (Tex. 1991)). In our review, we indulge every reasonable presumption in favor of the trial court's failure to grant a new trial. *See **Koch***, 168 S.W.3d at 368.

The pivotal issue at trial was whether Johnson owned an interest in the tract. The trial court concluded that he did not, and we have held that the evidence is legally and factually sufficient to support the underlying finding. We also have held that the trial court's conclusions from that fact are correct. Moreover, we have overruled Johnson's issue pertaining to the Evanses' allegedly perjured testimony. Therefore, we cannot say that the trial court abused its discretion in failing to grant a new trial on these grounds.

The remaining arguments in Johnson's motion for new trial pertain to the application of after acquired title. As we have stated, however, the outcome of the proceeding turned on whether Johnson could prove he owned an interest in the tract. Because the evidence is legally and factually sufficient to support the trial court's adverse finding on Johnson's claim of title, we decline to hold that the trial court abused its discretion in failing to grant a new trial based on his after acquired title.

We overrule Johnson's ninth issue.

11

## DISPOSITION

Having overruled Johnson's first, second, third, sixth, seventh, ninth, and tenth issues, we *affirm* the judgment of the trial court.  All pending motions are dismissed as moot.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered September 18, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

12



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### SEPTEMBER 18, 2014

### NO. 12-12-00312-CV

**GERALD K. JOHNSON,**
Appellant
V.
**FREDERICK M. EVANS AND CHRISTINE G. EVANS,**
Appellee

Appeal from the 3rd District Court

of Anderson County, Texas (Tr.Ct.No. 3-41481)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **GERALD K. JOHNSON,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*